Charles Hertel, County Superintendent, v. Louis Bois-
menue.

1. COUNTY SUPERINTENDENT—*duty of, to pass upon treasurer's
bond.* When the bond of a treasurer is presented for approval
to a county superintendent it is his duty to examine it, and if he
finds it in all respects to be according to law and the securities

good and sufficient, to indorse his approval thereon and have it recorded and filed in his office.

2. MANDAMUS—*who not necessary party to proceeding in.* In a proceeding to compel a county superintendent to approve the bond of a person appointed as treasurer for a township, the former treasurer removed by the board of trustees is neither a necessary or proper party to the proceeding.

Mandamus proceeding.    Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

F. J. TECKLENBURG, State's Attorney, L. D. TURNER, and FORMAN & WHITNEL, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a petition for a writ of *mandamus* filed by appellee against appellant, asking the court to compel the latter to approve, record and file appellee's bond as township treasurer, or if said bond was in any respect defective or the penalty thereof insufficient, to return the same for correction; and in case said bond is approved, recorded and filed as aforesaid, that appellant be required to deliver to appellee, as such township treasurer, a written statement certifying that his bond has been approved and filed and that appellee, as such township treasurer, is entitled to the care and custody, on demand, of all moneys, bonds, mortgages, notes and securities, and all books, papers and property of every description, belonging to said township. Demurrers having been sustained to the answers, five pleas were filed by appellant. The first contained a denial of the appointment of appellee, as treasurer; the second denied there was a vacancy in the office of township treasurer, as alleged in the petition; the third stated that the penalty of the bond presented for approval was insufficient; the fourth that there was no

vacancy in the office of treasurer at the time the bond was presented to appellant; that appellee was not the treasurer, but that Daniel Sullivan was then the treasurer of said township, and that appellant for that reason refused and declined to approve and file the bond and issue a certificate to appellee; the fifth that the said Sullivan was the treasurer of said township; that on April 15, 1905, the trustees attempted to make an order removing him, but that said order was made without authority and without cause, for the reason that the term of said Sullivan had not expired; that he had performed all the necessary duties, had not been guilty of any improper conduct as treasurer, that there was no good or sufficient cause for his removal and that he was competent, able and efficient to perform the duties of said office. A demurrer was sustained to the fifth plea, and issue joined on the others.

Upon the hearing the court found the issues for appellee, and entered an order commanding appellant forthwith to approve, record and file the bond, and deliver to appellee the certificate prayed for in the petition, as above set forth.

On April 15, 1905, the trustees of schools of township No. 2 north range No. 10 west of the third principal meridian in St. Clair county met and organized and by resolution passed and recorded upon the secretary's book, removed from office Daniel Sullivan, the township treasurer, for the reason, as stated in the resolution, "that he is incompetent and unable to personally perform and discharge the duties of said office," and declared said office vacant. Sullivan had been appointed treasurer April 16, 1904, for the term of two years. Appellee prepared and executed a bond as such treasurer in the sum of $500,000, which was in the same amount as the bond given by his predecessor. The bond was signed by a number of sureties and marked approved, and accepted by two of the trustees. When appellee presented the bond to appellant for approval, he refused to accept it and returned it to appel-

Hertel v. Boismenue.

lee. Afterwards appellant wrote a letter to the president of the board of trustees, notifying him that he could not approve the bond, because, in his opinion, the reasons given for the removal of Mr. Sullivan were not statutory reasons; that he considered Mr. Sullivan as still treasurer of the township and did not feel justified under the facts presented and the law, in turning over the money and securities of the district to appellee.

Upon the trial Sullivan testified that he had in his hands as treasurer on April 15, 1905, the sum of $243,-917.13. This was three days before appellee's bond was executed. Appellant offered to prove by same witness that $400,000 came into his hands for the year ending April 1, 1905, and that in addition to the amount in his hands as treasurer on April 15, 1905, other moneys had since come into his hand which made a total of over $400,000 handled by him as treasurer, since that date. The court, however, refused to permit such proof to be made. At the close of the evidence, appellant moved to dismiss the petition for want of proper parties, but the court denied the motion.

Appellant also submitted to the court two propositions of law, one of which requested the court to hold it was the duty of appellee to show that the penalty of the bond presented to appellant for his approval was twice the amount of all bonds, notes, moneys and effects, which should come into his hands while he should act as treasurer, and the other, that Daniel Sullivan was interested in the subject-matter of the litigation and should be made a party thereto, but the court marked both propositions "refused."

The principal points raised and relied upon by appellant, for a reversal of the judgment, are, as claimed by him, that Sullivan was not removed according to law and was therefore still treasurer, so that appellant could not legally approve the bond of appellee as treasurer; that the court erred in not holding that Sullivan was a necessary party to the suit; and that the court

further erred in not holding that the penalty of the bond must be twice the amount of the bonds, notes, mortgages, moneys and effects, which should come to his hands as treasurer, and in refusing to admit evidence tending to show what such amount would be.

Section 51 of the statute in relation to schools (Hurd, 1905) provides that "within ten days after the annual election of trustees, the board shall organize by appointing one of their number president and some person, who shall not be a director or trustee, but who shall be a resident of the township, treasurer if there be a vacancy in this office, who shall be *ex-officio* clerk of the board," and section 52 provides that "the president shall hold his office one year and the treasurer for two years and until their successors are appointed; but either of said officers may be removed by the board for good and sufficient cause." It is insisted by appellant that the reasons given for the removal of Mr. Sullivan were not statutory reasons; that while section 52 of the statute provides that either the president or treasurer may be removed by the board of trustees for good and sufficient cause, without stating what that term includes, yet so far as the treasurer is concerned, the question of removal must be controlled by section 63, which provides that the trustees may remove the treasurer "for any failure or refusal to execute or comply with any order or requisition of said board legally made and entered of record, or for other improper conduct in the discharge of his duty as treasurer;" and that appellant has a right to pass upon these questions and to determine whether Mr. Sullivan was legally removed and appellee legally appointed his successor. The question arises whether appellant can properly refuse to approve the bond of appellee, because in his opinion the removal of Sullivan had not been accomplished according to law.

Section 25 of the same chapter of the statute provides that, "Whenever the bond of any township treasurer approved by the board of trustees of schools, as

required by law, shall be delivered to the county superintendent, he shall carefully examine the same; and, if the instrument is found, in all respects, to be according to law, and the securities good and sufficient, he shall indorse his approval thereon, have it recorded in the circuit clerk's office and file the same with the papers of his office; but, if said bond is in any respect defective, or if the penalty is insufficient, he shall return it for correction. When the bond shall have been duly received and filed, the superintendent shall, on demand, deliver to said township treasurer a written statement certifying that his bond has been approved and filed, and that said township treasurer is entitled to the care and custody, on demand, of all moneys, bonds, mortgages, notes and securities, and all books, papers and property of every description.''

No power is given by this, or any other section of the chapter, to the county superintendent, to determine whether the person who so presents his bond approved by the board of trustees has been legally appointed treasurer by the trustees or not. The duty of appointing and removing the treasurer is placed by law upon the trustees, not the county superintendent, and he has no power to determine whether in making such appointment the trustees have proceeded regularly or not. Appellant had no legal power to question the regularity of the removal of the former treasurer and the appointment of the new one. When the bond was presented to him with the approval of the board of trustees, it was his duty to examine it, and if he found it in all respects to be according to law and the securities good and sufficient, to indorse his approval thereon, and have it recorded, and file the same with the papers in his office.

Sullivan, the former treasurer, was not a necessary or proper party to this suit, for the reason that his rights, whatever they may be, to the office or to the property of the district, cannot be here determined. The question whether appellee or Sullivan is the legal

treasurer of the district, is not presented by the plead-
ings in the case, and is collateral to the real question
at issue, which concerns only the right of the superin-
tendent to refuse to approve the treasurer's bond, ap-
proved by the board of trustees, and give the certificate
required by law.

No question is made concerning the securities, so it is
to be presumed that they were "good and sufficient;"
but question was made as to the sufficiency of the pen-
alty of the bond. Section 99 of the same chapter of
the statute, above referred to, provides that in all cases
where the treasurer "is to have the custody of all
bonds, mortgages, moneys and effects denominated
principal, and belonging to the township, for which he
is appointed treasurer, the penalty of said treasurer's
bond shall be twice the amount of all bonds, notes,
mortgages, moneys and effects." That appellant him-
self considered the bond sufficient at the time he re-
fused to accept it, is evidenced by the fact that he did
not assign insufficiency of penalty as one of the rea-
sons for such refusal.

But regardless of the views which appellant may
have had upon the sufficiency of the penalty at the time
of his refusal to accept the bond, the proofs showed,
as above stated, that three days before the bond
was executed there was in the hands of Mr. Sulli-
van, as treasurer, the sum of $243,917.13, and as
the penalty of the bond was fixed at $500,000, it
would seem that the provision of the law in re-
gard to the penalty had been fully complied with.
The court properly refused admission of evidence
tending to show that some $400,000 had come to
the hands of Mr. Sullivan during the preceding year,
and that a like amount came to his hands after the
rejection of the bond by appellant, for the reason that
the bond appears to have been sufficient at the time it
was executed. If this bond should afterwards, by rea-
son of a greater amount of funds coming into appel-
lee's hands, become insufficient to comply with the law,

the defect could be remedied, as the same section of the statute last above referred to provides, that "the penalty of said bond shall be increased from time to time as the increase of the amount of notes, bonds, mortgages and effects may require, and whenever, in the judgment of the trustees or county superintendent the security is insufficient."

As the penalty of the bond, which was for the same amount as that given by Mr. Sullivan, was sufficient in amount technically to comply with the law, considering the amount of funds on hand at the time, and as appellant failed to assign insufficiency of penalty as one of the reasons for refusing to accept the bond, the question of the sufficiency of the penalty could not be properly raised upon the trial of this cause.

The order entered by the court below was in accordance with the law under the facts in this case, and the judgment will accordingly be affirmed.

*Affirmed.*